JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MIGUEL GUTIERREZ, | No. CV 20-02737-CJC (DFM) |
| Petitioner, | Order Summarily Dismissing Petition for Lack of Jurisdiction and Administratively Closing Case |
| v. | |
| W.L. MONTGOMERY, | |
| Respondent. | |

On March 24, 2020, Miguel Gutierrez ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person In State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). The Petition challenges Petitioner's 2012 conviction for first degree murder. See id. at 2.

In a separate federal habeas petition filed in 2016, Petitioner challenged the same 2012 judgment of conviction. See Gutierrez v. Montgomery, No. 16-02309-CJC (DFM) (C.D. Cal. filed April 5, 2016) ("Gutierrez I"), Dkt. 1.[1] Because Petitioner's ground for relief in the instant Petition appeared duplicative of the grounds raised in Gutierrez I, on April 3, 2020, the Magistrate Judge issued an Order to Show Cause why the Petition should not be dismissed as second and successive. See Dkt. 3.

---

[1] That action is currently stayed so that Petitioner can exhaust his state remedies.

On May 18, Petitioner filed a "Letter of Clarification," explaining that the instant Petition "is an actual copy of an unexhausted ground filed to the California Supreme Court in [February 2020]."[2] See Dkt. 8. If so, the Petition should be lodged in Gutierrez I, not serve as the basis of a new federal habeas case. Otherwise, the Petition would be second and successive to the petition filed in Gutierrez I, to which the Court would be without jurisdiction to entertain until Petitioner received permission from the Ninth Circuit Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 152-57 (2007) (explaining AEDPA's gatekeeping provisions).

///

///

///

///

///

///

///

///

///

---

[2] That does not appear to be the case. The unexhausted claim in Gutierrez I is Ground Two, that appellate counsel was ineffective for failing to raise the self-incrimination issue on appeal. See Gutierrez I, Dkts. 47 (Order granting Rhines stay so that Petitioner could exhaust Ground Two), 55 (same). In contrast, the instant Petition claims that Petitioner's counsel on direct and collateral appeal, William S. Pitman, was ineffective for failing to "discover, investigate, and present" claims related to: (1) securing admission of Kenny Lara's statements; (2) suppressing Chaenette Lozano's statements; (3) calling Mr. Cooper to testify; (4) suppressing Mr. Lozano's identification of Petitioner; and (5) obtaining GPS evidence. See Petition at 3. There is no mention of the self-incrimination issue. See id.

Accordingly, the Petition is DISMISSED. The Clerk of Court is directed to lodge the Petition (Dkt. 1) in <u>Gutierrez I</u> (16-02309) and administratively close this case.

IT IS SO ORDERED.


Date:   June 8, 2020

_____
CORMAC J. CARNEY
Chief United States District Judge


Presented by:

_____
DOUGLAS F. MCCORMICK
United States Magistrate Judge

3